IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOHN DAVID ODEN | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv203 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

John David Oden, proceeding *pro se*, filed this petition for writ of habeas corpus. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The respondent has filed a motion to dismiss asserting this petition is barred by the applicable statute of limitations. Petitioner has filed a response. The motion is therefore ripe for consideration.

Factual Background and Prior Proceedings

On July 24, 2001, pursuant to a plea of guilty entered in the 123rd District Court of Shelby, County Texas, petitioner was convicted of murder. He was sentenced to life imprisonment. Petitioner did not appeal his conviction or sentence.

On August 9, 2021, petitioner filed a state application for writ of habeas corpus. The Texas Court of Criminal Appeals denied the application on May 4, 2022.

Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such state action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2242(d)(1)(A)-(D).

Petitioner was convicted on July 24, 2001. As no appeal was filed, the conviction became final on August 23, 2001, 30 days later, when the time period for filing a notice of appeal concerning his conviction expired.[1] The period of limitations began to run on that date and expired one year later, on August 23, 2002.[2] As the current petition is dated December 19, 2022, the current petition was filed more than one year after petitioner's judgement became final.

Petitioner does not assert that the state created an impediment to bringing a federal petition for writ of habeas corpus at an earlier time or that his grounds for review are based upon a newly recognized right. However, petitioner does assert that the factual predicate of his claim could not have been discovered earlier through the exercise of due diligence.

Petitioner asserts he received ineffective assistance of counsel. He states that before he pled guilty, counsel mistakenly informed him that he would be eligible for release on parole after serving 15 years. However, he later discovered he would have to serve 30 years before being considered for release on parole. He states he would not have pled guilty if he had known he would have to serve 30 years before becoming eligible for parole consideration.

Petitioner has provided the court with a letter, dated August 1, 2001, which he wrote and addressed to the trial court judge (doc. no. 11 at 41). The letter stated that petitioner wished to withdraw his guilty plea because the plea was made under duress and he and his family were

---

[1] Pursuant to Texas Rule of Appellate Procedure 26.2(a), a criminal defendant has 30 days to file a notice of appeal.

[2] While 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, petitioner did not file his state application for writ of habeas corpus until after the period of limitations expired. Accordingly, the filing of petitioner's state application did not cause the period of limitations to be tolled. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if the state habeas action is filed after the limitations period has expired).

misinformed by his attorney as to the outcome of his sentencing. The letter stated: "Many people can verify this misinformation or misinterpretation of the law, whichever it was."

Petitioner's letter demonstrates that by August, 2001, he believed counsel had provided him with incorrect advice concerning the length of time he would be imprisoned before becoming eligible for release on parole. As a result, petitioner was aware of the factual predicate of his claim in August, 2001.

Petitioner's assertion of his ground for review in his state application was supported by an affidavit from Lynda K. Russell, who was the district attorney of Shelby County at the time of petitioner's conviction. Her office was recused from petitioner's case. Ms. Russell stated that shortly after the plea hearing, she spoke with petitioner's mother and learned that she and petitioner were under the mistaken impression that petitioner would be eligible for parole after serving 15 years in prison. She stated she knew that under Texas law, petitioner would actually have to serve 30 years before being eligible for parole consideration. Ms. Russell stated she spoke with petitioner's attorney who continued to maintain petitioner could be released after serving 15 years. Ms. Russell's affidavit is dated April 14, 2021. Petitioner asserts he could not have obtained her affidavit earlier through the exercise of due diligence.

Ms. Russell's affidavit supports petitioner's claim that counsel provided him with incorrect advice concerning when he would be eligible for parole consideration. However, the date on which the factual predicate of a petitioner's claim could have been discovered through the exercise of due diligence is the date the petitioner was on notice of the facts supporting his claim, not the date on which the petitioner was in possession of evidence to support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). New information that merely supports or strengthens a claim that could have been properly stated without the new evidence does not form the "factual predicate of a claim for the purposes of Section 2244(d)(1)." *Rivas v. Fischer*, 687 F.3d 514, 535 (5th Cir. 2012).

While Ms. Russell's affidavit support's petitioner's claim, his letter to the trial court demonstrates he was aware of the factual predicate of his claim in August, 2001. As his petition is

dated more than one year after petitioner became aware of the factual predicate of his claim, the petition was filed after the applicable period of limitations expired. The motion to dismiss should therefore be granted.

## Recommendation

The motion to dismiss (doc. no. 7) should be granted and this petition for writ of habeas corpus should be dismissed as barred by the applicable statute of limitations.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 13th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge